# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------X   INDEX NO. 150333/2018
                                          :   Date Purchased
**KAREEM ROWE,**                          :
                              Plaintiff,  :   **SUPPLEMENTAL SUMMONS**
                                          :
             -against-                    :   Plaintiff designates
                                          :   New York County as
                                          :   the County of
**THE CITY OF NEW YORK, POLICE OFFICER**  :   Occurrence
**SEAN THORNTON, SHIELD No. 640, and**    :
**NATIONAL RAILROAD PASSANGER CORPORATION** :
**d/b/a AMTRAK,**                         :
                              Defendants, :
------------------------------------------X

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bronx, New York
      March 19, 2019

                                          THE BAGLEY FIRM, P.C.
                                          *Attorneys for Plaintiff*
                                          391 East 149th Street, Suite 205A
                                          Bronx, NY 10455
                                          (718)705-7999

Defendants' Addresses:
The City of New York
100 Church Street
New York, NY 10007

Police Officer SEAN THORNTON, SHIELD NO. 640
One Police Plaza
New York, NY 10038

National Railroad Passenger Corporation d/b/a Amtrak
c/o Eleanor D. Acheson
Chief Legal Officer, General Counsel
& Corporate Secretary
National Railroad Passenger Corporation
1 Massachusetts Avenue, NW
Washington, DC 20001

National Railroad Passenger Corporation d/b/a Amtrak
400 West 31st Street, 4th Floor
New York, New York 10001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------- X    INDEX NO. 150333/2018
                                          :   Date Purchased
**KAREEM ROWE**,                          :
                                          :   **AMENDED COMPLAINT**
                           Plaintiff,     :
                                          :
          -against-                       :
                                          :
                                          :
**THE CITY OF NEW YORK, POLICE OFFICER    :
SEAN THORNTON, SHIELD NO. 640, and        :
NATIONAL RAILROAD PASSENGER CORPORATION** :
**d/b/a AMTRAK,**                         :
                                          :
                           Defendants,    :
---------------------------------------- X

Plaintiff, by his attorney, **THE BAGLEY FIRM, P.C.**, complaining of the Defendants, respectfully shows to this court and alleges the following upon information and belief:

**FIRST:** That at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK (hereinafter, referred to as "CITY") was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

**SECOND:** That at all times hereinafter mentioned Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter, referred to as "AMTRAK") is and was at all times material hereto a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in,

through and between various and several states of the United States and doing business with a principal place of business in New York, New York.

**THIRD:** That at all times hereinafter mentioned Defendant AMTRAK, its agents, servants and employees operate, maintained and controlled the Amtrak Police Department.

**FOURTH:** That at all times hereinafter mentioned the Defendant, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640, was and is a police officer, employed by the Defendant AMTRAK.

**FIFTH:** That on and prior to the 26th day of March, 2016, the aforesaid Defendant, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640, was employed by the Defendant the AMTRAK and was assigned in the Borough of Manhattan, City and State of New York.

**SIXTH:** That at all times hereinafter mentioned the Defendant, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640, was and still is a police officer employed by the defendant AMTRAK.

**SEVENTH:** That on or about the 26th day of March, 2016, the Plaintiff, **KAREEM ROWE**, was grabbed by Defendant, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640, thrown Plaintiff to the ground and searched him; That the Defendant, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640, brought forward a witness and asked the gentleman if the Plaintiff was the perpetrator of an assault; that the witnessed indicated the Plaintiff was not the perpetrator, however, the Defendant, POLICE OFFICER SEAN THORNTON, SHIELD NO.

640, arrested and handcuffed Plaintiff in an unnecessary manner so as to cause pain; that Plaintiff suffered abuse for approximately three days before being released; that Plaintiff had to undergo criminal court appearances for approximately seven months before all charges were dismissed on October 17, 2016.

**EIGHTH:** That on or about the 26th day of March, 2016, the Defendant, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640, in particular, and Defendants, their agents, servants and/or employees, without just cause or provocation, and negligent disregard for the truth, and without investigation, placed Plaintiff, **KAREEM ROWE**, under arrest.

**NINTH:** That on or about the 26th day of March, 2016, the Defendants, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640, assaulted and battered Plaintiff; by pushing him to the ground onto his chest; by tightly fastening handcuffs on his writs so as to cause sharp pain; that Defendant, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640, falsely imprisoned Plaintiff during this time for approximately three days.

**TENTH:** That as a result of this false imprisonment, Plaintiff suffered physical and psychological discomfort and mental anguish, resulting in emotional and psychological injury in that he is traumatized and demoralized.

**ELEVENTH:** That on or about the 26th day of October, 2016, Plaintiff, **KAREEM ROWE**, without just cause or provocation, and

without investigation, was placed under arrest by Defendants, their agents, servants and/or employees, and in particular, by Defendants, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640.

**TWELFTH**: That on or about the 26th day of March, 2016, and upon arresting the Plaintiff, **KAREEM ROWE**, and depriving him of his liberty, Defendants, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640, and cohorts took the Plaintiff to Central Booking in the County of New York and entered him on the records as under arrest for criminal possession of a forged instrument and assault.

**THIRTEENTH**:    That on or about the 26th day of March, 2016, the Defendants, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640, and cohorts further caused Plaintiff, **KAREEM ROWE**, to be handcuffed, and to be held in Central Booking, Manhattan Detention Complex for approximately three days, to have his fingerprints taken in accordance with police procedures for the arrest of criminals on those charges at Central Booking located at 100 Centre Street, New York, NY 10013.

**FOURTEENTH**: That on or about the 26th day of March, 2016, a criminal complaint was issued by Defendant, their agents, servants and/or employees, and in particular, by Defendants, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640.

**FIFTEENTH**: That solely as a result of the aforesaid, the Plaintiff, **KAREEM ROWE's**, life was interfered with.

**SIXTEENTH:** That solely as a result of the false arrest, assault, battery, false imprisonment and malicious prosecution of the Plaintiff, **KAREEM ROWE**, was deprived of his liberty and was subject to physical injury and pain, scorn and ridicule, and was degraded in the esteem of the community.

**SEVENTEENTH:** That on or about the 31st day of December, 2016, the Plaintiff caused the Notice of Claim, in writing, sworn to by and on behalf of the claimant, the Plaintiff herein, containing the statement of the name and place of residence of the claimant by the street and number and his attorney, and describing the time when the particular claim and circumstances under which the damages and injuries were sustained, the cause thereof, and so far as practical, the nature and extent of the injuries to be personally served upon the Defendant CITY, their agents, servants and/or employees at the Law Department; this action was not commenced to recover upon force claim until the expiration of 30 days or thereafter, and this action was commenced within the time allowed by law.

**EIGHTEENTH:** That by reason of the foregoing, the Plaintiff has been damaged in the SUM OF TWO MILLION DOLLARS ($2,000,000.00).

**AS AND FOR A SECOND CAUSE OF ACTION**

**NINETEENTH:** Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered in "FIRST"

through "EIGHTEENTH" with the same and force and effect as if fully set forth at length herein.

**TWENTIETH:** That at all times hereinafter mentioned, the aforesaid false arrest, assault, battery, false imprisonment and malicious prosecution was caused solely as a result of the negligence of the Defendants, their agents, servants and/or employees.

**TWENTY-FIRST:** That by reason of the foregoing, the Plaintiff has been damaged in the sum of TWO MILLION DOLLARS ($2,000,000.00).

## AS AND FOR THE THIRD CAUSE OF ACTION

**TWENTY-SECOND:** Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "FIRST" through "TWENTY-FIRST" with the same force and effect as if fully set forth at length herein.

**TWENT-THIRD:** That on or about the 26th day of March, 2016, and while in custody of the Defendants of the County of New York, New York, the Plaintiff, **KAREEM ROWE**, was injured, humiliated, and harshly handcuffed by the Defendants, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640, and cohorts acting within the scope of their employment and authority in such a manner as to knowingly cause injury to Plaintiff. That the Defendants, their agents, servants and employees, acting as agents and on behalf of the Defendants, within the scope of their employment and in particular Defendants, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640,

willfully and maliciously assaulted and battered the Plaintiff, **KAREEM ROWE,** in tat he has the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff, **KAREEM ROWE,** and his act caused apprehension of such contact in the Plaintiff, and in a hostile and/or offensive manner touched the Plaintiff and caused such battery in and about his body and limbs. That on or about the 26th day of March, 2016, and while in the custody of the Defendants of the County of New York, New York, the Plaintiff, **KAREEM ROWE,** was intentionally arrested without probable cause by Defendants, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640, and cohorts acting within the scope of their employment and authority in such a manner as to knowingly and unlawfully restrain Plaintiff and cause injury to Plaintiff. That on or about the 26th day of March, 2016 and while in custody of the Defendants of the County of New York, New York, the Plaintiff **KAREEM ROWE,** was intentionally falsely imprisoned by the Defendant "CITY" acting within the scope of their employment and authority in such a manner as to restrain the Plaintiff without justification and knowingly cause injury to Plaintiff.

**TWENTY-FOURTH:** That by reason of the aforesaid intentional assault, battery, false arrest and false imprisonment committed by the Defendants, their agents, servant and employees, in particular, Defendants, POLICE OFFICER SEAN THORNTON, SHIELD NO.

640, acting within the scope of their employment and authority and without any probable or reasonable cause, the Plaintiff, **KAREEM ROWE**, suffered great injury in and about body and limbs; suffered from the stigma within the community; suffered conscious pain and suffering, both physical and psychological; and that Plaintiff was otherwise damaged.

**TWENTY-FIFTH:** That as a result of the aforesaid assault, battery, false arrest and false imprisonment, the Plaintiff, **KAREEM ROWE**, was caused to sustain serious, severe, painful bodily injuries so that he was rendered sore.

**TWENTY-SIXTH:** That by reason of the foregoing, the Plaintiff has been damaged in the sum of TWO MILLION DOLLARS ($2,000,000.00).

### AS AND FOR A FIFTH CAUSE OF ACTION

**TWENTY-SEVENTH:** Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "FIRST" through "TWENTY-SIXTH" with the same force and effect as if fully set fourth at length herein.

**TWENTY-EIGHTH:** That the Defendants, their agents, servants and employees failed to adequately and properly train, supervise, discipline or in any other way control the behavior of their personnel and in particular Defendant, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640, and in their hiring practices in the exercise of their functions; in that they had a reckless lack of cautious regard for the rights of that degree of the due care which

prudent and reasonable individuals would show in executing the duties of the Defendants.

**TWENTY-NINTH:** That the failure of the Defendants, their agents, servants and employees to adequately and properly train, supervise, discipline or in any other way control the behavior of their personnel in the exercise of their functions, was carried out willfully for the danger of harm and injury to the public, including Plaintiff.

**THIRTIETH:** Due to the acts of the Defendants, their agents, servant and employees herein, their failure to discipline and properly hire their employees and the continued employment of said employees presents a clear and present danger to the citizens of the City of New York.

**THIRTY-FIRST:** That the Plaintiff, **KAREEM ROWE**, did not consent to the aforementioned conduct of the Defendants, their agents, servants, and employees or in any way contribute to said conduct.

**THIRTY-SECOND:** That the injuries sustained by the Plaintiff, **KAREEM ROWE**, resulted from the negligence of the Defendants in employing and continuing to employ, without adequate training and supervision, employees of violent character, unsuitable temperament and insensitive disposition.

**THIRTY-THIRD:** That by reason of the foregoing, the Plaintiff has been damaged in the sum of TWO MILLION DOLLARS ($2,000,000.00).

### AS AND FOR A FIFTH CAUSE OF ACTION

**THIRTY-FOURTH:** Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "FIRST" through "THIRTY-THIRD" with the same force and effect as if fully set fourth at length herein.

**THIRTY-FIFTH:** Defendants, who were acting in concert and within the scope of their authority, arrested and cause Plaintiff to be imprisoned without probable cause in violation of Plaintiff's rights to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United Stated and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United Sates.

**THIRTY-SIXTH:** Defendant's intended to confine Plaintiff and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement.

**TIRTY-SEVENTH:** Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

**THIRTY-EIGHTH:** That by reason of the foregoing, the Plaintiff has been damaged in the sum of TWO MILLION DOLLARS ($2,000,000.00).

### AS AND FOR A SIXTH CAUSE OF ACTION

**THIRTY-NINTH:** Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "FIRST" through "THIRTY-EIGHTH" with the same force and effect as if fully set fourth at length herein.

**FOURTIETH:** The use of excessive force by Defendants, POLICE OFFICER SEAN THORNTON, SHIELD NO. 640, in handcuffing him tightly was an unreasonable physical seizure of Plaintiff in violation of his right under the Fourth Amendment to the United States Constitution.

**FORTY-FIRST:** That by reason of the foregoing, the Plaintiff has been damaged in the sum of TWO MILLION DOLLARS ($2,000,000.00).

### AS AND FOR A SEVENTH CAUSE OF ACTION

**FORTY-SECOND:** At all times herein and above, defendants, CITY, POLICE OFFICER SEAN THORT NTON, SHIELD NO. 640, and AMTRAK, were acting under color of law, to wit: the statutes, ordinances and regulations, policies and customs and usage of the State of New York and/or City of New York.

**FORTY-THIRD:** Plaintiff, **KAREEM ROWE**, is and was at all times relevant herein, a citizen of the United States and a resident of Bronx County in that State of New York and brings this cause of action pursuant to 42 United States Code, Section 1983 and 42 United States Code, Section 1988.

**WHEREFORE**, the Plaintiff demands judgement against the Defendants on the First Cause of Action in the sum of TWO MILLION DOLLARS ($2,000,000.00), that the Plaintiff demands judgement against Defendants on the Second Cause of Action in the sum of TWO MILLION DOLLARS ($2,000,000.00), that the Plaintiff demands a judgement against Defendant in the Third Cause of Action in the

sum of TWO MILLION DOLLARS ($2,000,000.00), that the Plaintiff demands a judgement against Defendants on the Fourth Cause of Action in the sum of TWO MILLION DOLLARS ($2,000,000.00), that the Plaintiff demands a judgement against Defendants on the Fifth Cause of Action in the sum of TWO MILLION DOLLARS ($2,000,000.00), that the Plaintiff demands a judgement against Defendant on the Sixth Cause of Action in the sum of TWO MILLION DOLLARS ($2,000,000.00), together with the costs and disbursements of this action.

Dated: Bronx, New York
       March 19, 2019

Yours, etc.

THE BAGLEY FIRM, P.C.
Nicolas Bagley, Esq.
*Attorneys for Plaintiff*
391 East 149th Street, Suite 205A
Bronx, New York 10455
(718)705-7999

Attorney Verification

STATE OF NEW YORK
COUNTY OF BRONX

NICOLAS BAGLEY, ESQ., affirms as follows:

I am an attorney at law admitted to practice in the Courts of the State of New York, and I am the attorney for the plaintiff in the within action, and as such, am familiar with all the facts and circumstances therein.

That the foregoing Amended complaint is true to the knowledge of affirmant, except as to those matters therein stated to be alleged on information and belief, and as to those matters he believes it to be true.

Affirmant further states that the reason that this verification is made by affirmant and not by plaintiff, is that the Plaintiff is not currently within Bronx county, where affirmant maintains his office.

Affirmant further states that the sources of his knowledge and information are reports of investigation, conversations, writings, memoranda and other data concerning the subject matter of the litigation.

The undersigned attorney affirms the foregoing statements are true, under the penalties of perjury and pursuant to rule 2106 CPLR.

Dated: Bronx, NY
       March 19, 2019

*(signature)*
Nicolas Bagley
**The Bagley Firm, PC**
*Attorneys for Plaintiff*
391 East 149th Street, Suite 205A
Bronx, NY 10455
Tel (718) 705-7999
Fax (718) 744-272